UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ADANA JEFFREY BIAMBY and PAULETTE
McBURNETTE, individually and on behalf of
others similarly situated,



BROOKLYN OFFICE

Plaintiffs,

**MEMORANDUM AND ORDER**

-against-

11-CV-4608 (SLT) (RML)

HAMZA MEAT CORPORATION d/b/a
FINE FARE and MUSTAFA ABU SAAB,

Defendants.
-----------------------------------------------------------x
**TOWNES, United States District Judge:**

In September 2011, plaintiffs Adana Jeffrey Biamby and Paulette McBurnette commenced this action on behalf of themselves and their fellow employees at the Fine Fare Market in Brooklyn ("Fine Fare"), alleging that their employer, defendant Hamza Meat Corporation d/b/a Fine Fare, and its owner, defendant Mustafa Abu Saab, violated the Fair Labor Standards Act ("FLSA") and analogous State law provisions by not paying the minimum wage or time-and-a-half for overtime. Plaintiffs' complaint expressly alleges that federal jurisdiction in the action is based on 29 U.S.C. § 216(b), which provides a private right of action for violations of the FLSA. However, that private right of action is qualified by 29 U.S.C. § 216(c), which provides, in pertinent part:

> The Secretary [of Labor] is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

Defendants now move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), alleging that plaintiffs waived their rights to sue under § 216(b). Specifically, defendants allege that the Department of Labor ("DOL") investigated plaintiffs' claims and calculated the amount of back wages due to plaintiffs; that plaintiffs signed WH-58 forms acknowledging receipt of a check for those amounts and the waiver of their rights to sue; and that plaintiffs' cashed defendants' checks. Since none of these facts were alleged in plaintiffs' complaint, defendants rely upon exhibits attached to the Memorandum of Law in Support of Defendants' Motion to Dismiss and upon an affidavit executed by defendant Saab to substantiate their allegations. In response, plaintiffs have submitted affidavits stating that Mr. Saab personally presented the WH-58 forms to plaintiffs for their signature, did not explain that plaintiffs would be waiving their right to sue by signing, and refused to permit plaintiffs to consult with others or to retain a copy of the form.

On February 16, 2012 – one week after defendants' motion was fully briefed – plaintiffs' counsel sent this Court a letter, attaching a copy of a letter sent to plaintiffs' counsel on February 13, 2012, by Brian W. Johnson, the Director of Enforcement for the Northeast Region's Wage and Hour Division. Mr. Johnson's letter responded to a letter addressed to DOL Secretary Hilda L. Solis in which plaintiffs' counsel asserted, *inter alia*, that there was an "implied threat" that plaintiffs would lose their jobs if they refused to sign the WH-58 forms presented to them for signature by Mr. Saab. In his letter, Mr. Johnson stated:

> You state in your letter that when they received their back wage payments and were asked to sign the Form WH-58, there was "an implied threat" that if they did not sign, the employees would lose their jobs. If these employees signed the forms under duress, it could render the waiver null and void. Please contact me as soon as possible if you have further information in this specific matter.

2

Letter to Richard Soto, Esq., from Brian W. Johnson, dated Feb. 13, 2012 (attached as Exhibit A to Letter to District Judge Sandra L. Townes from Richard Soto, dated Feb. 16, 2012) at 2.

Because defendants' motion relies on matters outside the pleadings, this Court could not adjudicate the motion without converting it into a motion for summary judgment and giving all parties a reasonable opportunity to present all the material that is pertinent to the motion. *See* Fed. R. Civ. P. 12(d). However, since Mr. Johnson's letter suggests that the DOL may be willing to reopen its investigation and/or reconsider the adequacy of the DOL-supervised resolution of plaintiffs' claims, it would be premature and potentially wasteful to continue with motion practice before the administrative process is completed. Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss is deemed withdrawn pending the outcome of renewed proceedings before the DOL. Plaintiffs shall inform the Court of the outcome of further proceedings before the DOL and, if the matter is still pending before the DOL as of June 29, 2012, shall file a status report concerning what has transpired administratively. Depending on what the DOL determines, this Court may reinstate the motion following conclusion of the administrative proceedings. In that event, this Court will afford the parties an opportunity to file revised motion papers and to present all the material that is pertinent to the motion.

**SO ORDERED.**

s/ SLT

/ SANDRA L. TOWNES
United States District Judge

Dated: February 24, 2012
Brooklyn, New York

3